AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
06/09/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
06/09/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____JD_____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America

v.

LYNDON HUYNH,

Defendant(s)

Case No. 8:22-mj-00430-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>June 8, 2022</u>, in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearms |

This criminal complaint is based on these facts:

*Please see attached affidavit.*   ☒ Continued on the attached sheet.

/s/ Andrew Winkler
*Complainant's signature*

ANDREW WINKLER, Special Agent (DEA)
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: June 9, 2022

*Karen E. Scott*
*Judge's signature*

City and state: Santa Ana, California

Hon. KAREN E. SCOTT, U.S. Magistrate Judge
*Printed name and title*

RW:hc

## AFFIDAVIT

I, Andrew J, Winkler, being duly sworn, declare and state as follows.

1. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"), and have been so employed since April 2018. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered to conduct investigations of, and to make arrests for, federal felony offenses enumerated in 18 U.S.C. § 2516.

2. I am currently assigned to the Omaha Division Office, located in Omaha, Nebraska, charged with investigating drug trafficking and money laundering violations. I have received 18 weeks of specialized training in Quantico, Virginia, pertaining to drug trafficking, money laundering, undercover operations, and electronic and physical surveillance procedures. Before becoming a DEA SA, I was employed by the Lincoln Police Department in Lincoln, Nebraska, for approximately four years.

3. I have participated in investigations that involve one or all of the following crimes: possession, distribution, possession with intent to distribute, and manufacture of controlled substances, as well as distribution of controlled substances resulting in death. Based on my training and experience, my conversations with other law enforcement personnel, and my own participation in this investigation, I am also aware of the tactics and methods employed by individuals involved in drug trafficking organizations to avoid detection by law enforcement, including the use of multiple wireless

telephones, pre-paid cellular telephones, cloned communication devices, debit calling cards, public pay telephones, counter-surveillance techniques, false or fictitious identities, coded and ambiguous language in conversations, multiple vehicles, and vehicles with concealed compartments.  I am aware that drug traffickers drop or switch telephones and/or telephone numbers frequently to thwart law enforcement investigation of their criminal activities.  I am further aware that drug traffickers use wireless telephones subscribed in the names of other individuals, often times their spouses or other family members, to avoid law enforcement detection.  Based on my training and experience, I have found that it is common for narcotics traffickers to obtain, maintain, and use firearms in order to protect their narcotics and narcotics proceeds, and that the cell phones they use often have high call volume from a variety of telephone numbers.

## I. **PURPOSE OF AFFIDAVIT**

4.   This affidavit is made in support of a criminal complaint against Lyndon HUYNH for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms.

5.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated

otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. SUMMARY OF PROBABLE CAUSE

6. Based on my training and experience, investigation in this case, review of investigative reports, and debriefings with law enforcement officers, I am aware of the following:

7. On June 2, 2022, a federal criminal complaint in Case No. 8:22-MJ-319 was issued in the District of Nebraska charging Helen Nguyen and James Lau with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846.

8. On June 8, 2022, DEA executed a federal search warrant at Lau's residence at 80 Mary St., Stanton, California. HUYNH, one of Lau's roommates, was present during the search. HUYNH's bedroom contained approximately 726 grams of suspected cocaine, along with other drugs. In a safe in HUYNH's bedroom were two firearms and two loaded magazines. According to his criminal history, HUYNH has a prior felony conviction. HUYNH told investigators that Lau was his drug supplier, and that he was a local dealer.

## III. STATEMENT OF PROBABLE CAUSE

9. In October 2021, the Omaha DEA Tactical Diversion Squad began investigating a vendor using the name DIRTYRUGS, who was selling controlled substances via the Dark Net/Peer to Peer (P2P) messaging, and shipping the drugs to customers in different states. Digital data obtained from Apple Inc. showed that Nguyen and Lau were operating DIRTYRUGS, and showed them

discussing orders for Adderall and cocaine, and the shipment of those drugs to their customers.

10. In one conversation saved on Nguyen's iCloud account, Nguyen and Lau discussed a "brick" of cocaine and how different parts of the brick could have different qualities of cocaine depending on how much it was "stepped on" (i.e., diluted with cutting agents). Nguyen had a photo of what appeared to be a kilogram of cocaine.

11. On June 2, 2022, a magistrate judge in the District of Nebraska signed a complaint and arrest warrant for Lau and Nguyen for Conspiracy to Distribute Methamphetamine, based on undercover purchases of methamphetamine and other drugs from DIRTYRUGS in April and May 2022.

12. On June 6, 2022, United States Magistrate Judge Karen Scott in the Central District of California authorized search warrants for the residences of Nguyen and Lau.

13. On June 8, 2022, agents executed the search warrant at 80 Mary Street in Stanton, the residence of Lau. Present at the residence were Lau, Lyndon HUYNH, Yen Vu, and Hoan Pham. Approximately 105 grams of what appeared to be cocaine was found in an upstairs common area, along with 10.47 pounds of counterfeit Adderall pills, more than 1,000 grams of suspected Xanax pills, and suspected MDMA pills.

14. Lau was read his <u>Miranda</u> rights. He told agents that he supplied Nguyen with drugs. LAU said he would purchase approximately one kilogram of cocaine and 10,000 pressed

Adderall pills at a time. Lau said that the drugs in the common area belonged to him.

15. Agents searched the bedroom identified as belonging to HUYNH. There, they found approximately 726 gross grams of a white powdery substance that appeared to be cocaine, which was pressed into a brick form. Also in HUYNH's bedroom were approximately 447 gross grams of counterfeit Adderall pills and suspected ecstasy pills.

16. There was a safe in HUYNH's bedroom closet. When asked if he had the key, HUYNH stated that his fingerprint opened the safe. HUYNH then provided his fingerprint to open the safe for investigators. Inside the safe were two handguns and two loaded magazines. One handgun was a Smith & Wesson, Model SW1911 CT, .45 caliber pistol, with serial number UCX1875. The other handgun was a 9mm Glock, Model 19, with serial number BBRU685.

17. On June 9, 2022, I provided photos of the two handguns to ATF SA David Gonzalez, an expert in interstate nexus. According to SA Gonzalez, the Smith & Wesson pistol was not made in California, and was likely manufactured in Massachusetts. SA Gonzalez identified the Glock handgun as having been manufactured in Austria. Because the firearms were manufactured outside of California, they must have been shipped or transported from another state to California, or from a foreign nation to the United States.

18. Also inside the safe were $30,000 cash, HUYNH's California driver's license, his passport photo, and his birth certificate.

19. HUYNH was read his Miranda rights and agreed to speak to the agents. He stated that Lau was his source for drugs. HUYNH stated that he did not deal drugs on the Dark Net, and that he was just a local dealer.

20. I have reviewed HUYNH's rap sheet. He has a prior felony conviction from 2009 for assault with a firearm on a person, a street gang act, for which he was sentenced to 318 days in jail, in Orange County Superior Court, Case No. 08WF1904. He also has a misdemeanor conviction for possession of a controlled substance from 2006, and a misdemeanor conviction for reckless driving in 2019.

## IV.  CONCLUSION

21. For all of the reasons described above, there is probable cause to believe that HUYNH has violated 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 9th day of June,
2022.

*Karen E. Scott*
_____
HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE